**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X   Docket No.: 20-cv-05454 (JPC)
SALVADOR ARELLANES JIMENEZ and
GENARO CISNEROS, *individually and on*
*behalf of others similarly situated*,

                                  *Plaintiffs*,

        -against-

G&J'S PIZZERIA LLC (D/B/A G&J'S
PIZZERIA) and GREGORIO VARIOS,

                                  *Defendants.*
----------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND CAPTION AND DEFAULT JUDGMENT

C.S.M. LEGAL, P.C.
William K. Oates
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

**Preliminary Statement**

Plaintiffs Salvador Arellanes Jimenez and Genaro Cisneros ("Plaintiffs") seek leave to amend the caption and the default judgment entered by this Court on March 17, 2021 in order to correct the name of the Individual Defendant. In the First Amended Complaint ("operative complaint"), the Individual Defendant is incorrectly named as Gregorio Varios. The correct name of the Individual Defendant, however, is Gregory Barrios.

Plaintiffs seek leave to amend the caption and default judgment to correctly name all Defendants so that Plaintiffs may properly enforce the default judgment. Leave to amend the caption should be freely given. Plaintiffs named the proper Individual Defendant, merely made a mistake as to the spelling of his name, and actually served the Individual Defendant that they intended to serve. Likewise, Plaintiffs should be entitled to amend the default judgment since Plaintiffs did not name the wrong Individual Defendant but mislabeled the right Individual Defendant. For the reasons set forth herein, Plaintiffs' motion for leave to amend the caption and default judgment should be granted in its entirety.

**Statement of Facts**

This is an action for monetary damages brought by Plaintiffs. Specifically, Plaintiffs brought this action to recover damages for unpaid minimum wages, overtime compensation and spread of hours pay; withheld tips; statutory wage notice and wage statement violations; unreimbursed expenses for tools of the trade; liquidated damages; pre-judgment interest; costs; and attorneys' fees under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.*, and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6.

Defendants did not answer or respond to the operative complaint and did not appear in this action.  Accordingly, on January 20, 2021, Plaintiffs filed a motion for a default judgment against Defendants.

On March 17, 2021, the Court entered a default as to all Defendants on all causes of action in the operative complaint and entered judgment in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of $263,471.38, plus costs, attorneys' fees, and post-judgment interest.

The proposed amendment would correct the name of the Individual Defendant, currently named as Gregorio Varios, to his actual name, Gregory Barrios.

## Argument

**1.      Motion to Amend the Caption**

There is ample authority in this circuit in support of Plaintiff's application for leave to amend the caption.  Pursuant to Fed. R. Civ. P. 15(a)(2), the court should freely give leave to a party to amend its pleading when justice so requires.  Rule 15(a)(2)'s "mandate is to be heeded." *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Second Circuit has repeatedly amended captions to reflect the correct spelling of a party's name.  *See, e.g., Xia-Luanchen v. Gonzales,* 218 Fed. Appx. 82, 82, n.1 (2d Cir. Feb. 27, 2007) (The Second Circuit amended the official caption to reflect the correct spelling of respondent's name); *United States v. White,* 200 Fed. Appx. 35, 35, n. 1 (2d Cir. Sept. 29, 2006) (The Court requested the Clerk of the Court to modify the official caption to reflect the defendant-appellant's correct name); *Bhatti v. Bd. of Immigration Appeals,* 210 Fed. Appx. 134, 134, n.1  (2d Cir. Dec. 29, 2006) (The Second Circuit directed the Clerk of the Court to correct the spelling of petitioner's first name in the official caption to accord with the spelling of his name in

the Court's order); <u>Singh v. Gonzales,</u> 191 Fed. Appx. 24, 24, n. 1 (2d Cir. July 6, 2006) (The Court requested the Clerk to modify the official caption to reflect the correct spelling of petitioner's name).

If "a plaintiff has actually sued and served the correct party but has mistakenly used the wrong name of the defendant in the original caption," courts have permitted an amendment to correct the error. *Hamilton Ins. Co. v. Anthony Bross*, 2020 U.S. Dist. LEIXS 195617, at *7 (E.D.N.Y. Sept. 30, 2020). In *MK Sys. v. Schmidt*, 2005 U.S. Dist. LEXIS 3877, at * 6 (S.D.N.Y. Mar. 10, 2005), the Court granted the Corporate Plaintiff's application to amend the caption to reflect its correct name on the grounds that, under Fed. R. Civ. P. 15(a), leave to amend a pleading shall be "freely given when justice so requires," the amendment would not alter the factual issues in the action, and the name of the plaintiff would have no effect on the contract at issue in the action.

"Amendments to make technical changes concerning a party" are generally permissible, and the practice of generally permitting such amendments "is desirable and furthers one of the basic objectives of the federal rules-the determination of cases on their merits." *United States v. Edwards*, 241 F.R.D. 146, 148 (E.D.N.Y. 2007) (citations omitted). The test is "whether it would be reasonable to conclude that plaintiff had in mind the proper entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether the plaintiff actually meant to serve and sue a different person." *Id*. at 149.

Plaintiffs' request for leave to amend should be granted. The sole basis for Plaintiff's application to amend the caption is to correctly name Gregory Barrios, incorrectly named in the operative complaint as Gregorio Varios. Plaintiffs submit that that they named the proper

- 3 -

Individual Defendant, merely made a mistake as to the spelling of his name, and actually served the Individual Defendant that they intended to serve.

Our office previously conducted a search on LEXIS to ascertain the correct information about the Corporate Defendant. That search also revealed that the correct name of the Individual Defendant is Greg Barrios. Subsequently, when Plaintiffs began enforcement proceedings, our office conducted an assert search on LEXIS for the Individual Defendant, which revealed that his actual name was Gregory Barrios.

In light of the foregoing, Plaintiffs respectfully request the Court to permit Plaintiffs to amend the caption in order to reflect the correct spelling of the Individual Defendant's name.

**2.      Motion to Amend the Default Judgment**

The Court should grant Plaintiffs' application for leave to amend the default judgment. Pursuant to Fed. R. Civ. P. 60(a), "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. . . ." In this Circuit, a district court may employ this rule to correct misnomers in a party's name. *Robinson v. Sanctuary Music*, 383 Fed. Appx. 54, 57 (2d Cir. July 1, 2010). This type of misnomer may be corrected when "plaintiffs did not select the wrong defendant but . . . mislabel[ed] the right defendant." *Id*. (citation omitted).

In *Gerber v. Computer Assocs. Int'l, Inc.*, 2000 U.S. Dist. LEXIS 21727, at *5-6 (E.D.N.Y. Nov. 7, 2000), the Court directed the clerk of the court to amend the judgment so that it would, in part, reflect the correct spelling of the Defendant's name. Further, in *Izmirigil v. Whelan*, 2015 U.S. Dist. LEXIS 112562, at *4-5 (E.D.N.Y. Aug. 25, 2015), the Court granted Plaintiff's

- 5 -

application to amend the caption to reflect the proper spelling of his first name, reasoning, in part, that the final judgment should reflect Plaintiff's proper name.

In this case, and as set forth *supra*, Plaintiffs mislabeled the correct Individual Defendant in the caption and are seeking to amend the caption and default judgment to reflect the proper spelling of his name. Accordingly, Plaintiff's application for leave to amend the default judgment should be granted by the Court.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' application for leave to amend the caption and default judgment.

Dated:   New York, New York
         May 16, 2022

                                        CSM LEGAL, P.C.

                                By:     /s/William K. Oates
                                        William K. Oates
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        Tel.: (212) 317-1200
                                        E-Mail: woates@csm-legal.com
                                        *Attorneys for Plaintiffs*