```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
SALVADOR ARELLANES JIMENEZ et al.,                               :
                                                                 :
                                Plaintiffs,                      :
                                                                 :      20 Civ. 5454 (JPC)
                -v-                                              :
                                                                 :      OPINION AND ORDER
                                                                 :
G&J'S PIZZERIA LLC (D/B/A G&J'S PIZZERIA) and                    :
GREGORY BARRIOS,                                                 :
                                                                 :
                                Defendants.                      :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On March 17, 2021, the Court entered a default judgment against Defendants G&J's Pizzeria LLC (d/b/a G&J's Pizzeria) and Gregorio Varios on all causes of action in the Amended Complaint and awarded damages against Defendants, jointly and severally, in the amount of $263,471.38 plus $4,155.00 in attorneys' fees, $437.80 in costs, and post-judgment interest. Dkt. 34 at 2-3. On May 16, 2022, Plaintiffs moved for an order pursuant to Federal Rule of Civil Procedure 60(a) to amend that judgment to correct the spelling of the name of the individual Defendant.[1] Dkts. 54-56. In support of the motion, Plaintiffs' counsel submitted a declaration and memorandum of law explaining that the Amended Complaint and all subsequent documents filed in this action misspelled the name of Defendant Gregorio Varios. *See* Dkt. 55 ¶ 3; Dkt. 56 at 1 ("In the First Amended Complaint . . . , the Individual Defendant is incorrectly named as Gregorio Varios."). According to Plaintiffs, the correct spelling of that Defendant's name is quite similar:

---

[1] Plaintiffs also move to amend the caption pursuant to Federal Rule of Civil Procedure 15(a)(2). Dkt. 56 at 2-4. Because the Court already entered judgment against Defendants, *see* Dkt. 34, the Court will address Plaintiffs' request only as one to amend the judgment under Rule 60(a).

Gregory Barrios.  Dkt. 55 ¶ 3.  Plaintiffs also state that, notwithstanding this incorrect spelling, Mr. Barrios has received notice of this action and has had ample opportunity to respond.  Dkt. 56 at 3-4.  Plaintiffs also filed a certificate of service on the docket that reflects that "Gregory Barrios (s/h/a Gregorio Varios)" was served by mail "c/o G&J's Pizzeria LLC (d/b/a G&J's Pizzeria)" at 188 East 104th Street, New York, New York 10029 with the motion to amend the judgment and supporting paperwork.  Dkt. 57.  No opposition to the motion to amend has been filed.

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" and "may do so on motion or on its own, with or without notice."  Fed. R. Civ. P. 60(a).  The Second Circuit has held that "in appropriate circumstances, a district court may employ [Rule 60(a)] to correct misnomers in a party's name."  *Robinson v. Sanctuary Music*, 383 F. App'x 54, 57 (2d Cir. 2010); *see also Munetz v. Eaton Yale & Towne, Inc.*, 57 F.R.D. 476, 479 (E.D. Pa. 1973) ("The 'misnomer' rule applies to situations in which the plaintiff has actually sued and served the correct party, the party he intends to sue, but merely mistakenly has used the wrong name of the defendant in the caption of the complaint.").  "Such a misnomer may be corrected when 'plaintiffs did not select the wrong defendant but committed the lesser sin of mislabeling the right defendant.'"  *Robinson*, 383 F. App'x at 57 (quoting *Datskow v. Teledyne, Inc., Cont'l Prods. Div.*, 899 F.2d 1298, 1301 (2d Cir. 1990)).

Important factors that courts consider in determining whether a party mislabeled the right defendant such that the court can correct the misnomer are (1) whether the plaintiff identified the defendant in several ways, (2) whether the defendant's correct address appeared on the complaint, and (3) the degree of similarity between the name contained in the complaint and the actual name.  *Id.*; *see also Flynn v. Best Buy Auto Sales*, 218 F.R.D. 94, 97 (E.D. Pa. 2003) ("The basic test under

the misnomer rule is whether it would be reasonable to conclude that plaintiff had in mind the proper entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether the plaintiff actually meant to serve and sue a different person." (internal quotation marks and citation omitted)). The plaintiff bears the burden of showing that he or she "properly identified the correct persons in the first instance and simply mislabeled them." *Sermuks v. Orion Caterers, Inc.*, No. 15 Civ. 6461 (RTD) (RML), 2017 WL 5714087, at *4 (E.D.N.Y. Nov. 28, 2017) (denying the plaintiffs' motion for leave to amend the case caption and default judgment because the plaintiffs' motion papers and supporting documents failed to persuade the court that it is "reasonable to conclude that plaintiff had in mind the proper entity or person, merely made a mistake as to the name, and actually served the entity or person intended" (internal quotation marks omitted)).

Here, all three factors point in favor of a finding that Plaintiffs mislabeled the correct Defendant. First, the Amended Complaint identified the named individual Defendant, "Gregorio Varios," as a current or former "owner, manager, principal, or agent of Defendant Corporation," *i.e.*, G&J's Pizzeria, and as the person who "determines the wages and compensation of the employees of Defendants, . . . establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees." Dkt. 11 ¶¶ 3, 26, 28. In addition, Plaintiffs' counsel represents in their motion to amend that "[o]ur office previously conducted a search on LEXIS to ascertain the correct information about the Corporate Defendant," which "revealed that the correct name of the Individual Defendant is Greg Barrios," and "[s]ubsequently, when Plaintiffs began enforcement proceedings, our office conducted an assert [*sic*] search on LEXIS for the Individual Defendant, which revealed that his actual name was Gregory Barrios." Dkt. 56 at 5.

Second, the Amended Complaint alleges that "Defendants own, operate, or control a pizzeria, located at 188 E 104th St, New York, NY 10029 under the name 'G&J's Pizzeria.'" Dkt. 11 ¶ 2.  The affidavit of service filed on the docket shows that "Gregorio Varios" was served with the Summons and Amended Complaint at Defendant G&J's Pizzeria at 188 East 104th Street, New York, New York 10029.  Dkts. 14, 41.  As mentioned above, this is the same address at which Gregory Barrios was served with Plaintiffs' motion to amend papers.  Dkt. 57.  Third, there is a high degree of similarity between the names "Gregorio Varios" and "Gregory Barrios."

For the foregoing reasons, the Court finds that Plaintiffs have met their burden of showing that they mislabeled the correct Defendant in naming Gregory Barrios as "Gregorio Varios" in the filings in this case.  In reaching this conclusion, the Court also finds that Gregory Barrios has had notice of this lawsuit, including the filing of Plaintiffs' motion to amend judgment.  The Summons was personally served on "Gregorio Varios" at G&J Pizzeria at 188 East 104th Street, New York, New York 10029, on July 17, 2020, Dkt. 41, and the operative Amended Complaint was personally served on "Gregorio Varios" at the same location on December 14, 2020, Dkt. 14.  Since then, the Court's order scheduling the default judgment hearing and Plaintiffs' motion for a default judgment were served on "Gregorio Varios" at the address for G&J's Pizzeria.  *See* Dkts. 28, 32.  And the Court's order setting a briefing schedule for Plaintiffs' motion to amend as well as Plaintiffs' motion were served on Gregory Barrios at G&J Pizzeria's address on May 9, 2022 and May 16, 2022, respectively.  Dkts. 53, 57.

The Court therefore grants Plaintiffs' motion to amend the judgment and will separately enter a revised judgment on the docket reflecting the correct name for Defendant Gregory Barrios. The Clerk of Court is respectfully directed to amend the case caption to substitute "Gregory Barrios" in place of "Gregorio Varios" and close the motion pending at Docket Number 54.

SO ORDERED.

Dated: August 29, 2022
      New York, New York

                                        JOHN P. CRONAN
                                   United States District Judge